By the Court.—Monell, J.
J.—The learned Chief Justice before whom, this cause was tried, presented it for the consideration of the jury in three aspects :
First—If the jury should find that the defendant was applied to, to guaranty the bond, on a representation that Carlile wished the money for the purpose stated, and on a representation that Townsend would advance the money on the bond and guaranty; and if the jury also believed that Carlile informed Townsend that he had made this application to the defendant who had agreed to guaranty the bond, and that afterwards, without any communication whatever with the defendant, Townsend arranged with Carlile, instead of loaning $1,500, to give him the mortgage and note, then the defendant was not liable. This was the theory of the defendant’s defence, and the learned justice followed the decision of this court, when the case was before them on appeal from a former judgment, (6 Duer, 276). The view of the law thus presented, was most favorable to the defendant, and he took no exception. The jury were left to determine, upon the evidence, whether, on this view of the case, the defendant was entitled to their verdict.
The second aspect in which the case was presented, involved the determination by the jury, between the conflicting evidence of Townsend and the defendant, as to an alleged interview between them prior to the defendant’s giving the guaranty. And *217 the jury were instructed that, if they .believed that in that interview Townsend communicated to the defendant that he was to give Carlile the mortgage and note for the bond and guaranty, and that the defendant assented to it, the defendant was liable.
The third aspect was, that if the jury should find, that Townsend believed that the transaction, as agreed to between him and Carlile, was" known to the defendant, and had no reason to suppose any misrepresentation had been made by Carlile to the defendant, then the plaintiff was entitled to recover the $1,075 actually received in money. And if they should further find that the mortgage was intrinsically worth the sum secured by it, the plaintiff should have a verdict for the whole principal secured by the mortgage, with interest from the time of its maturity.
To this part of the charge the defendant excepted.
Each of these three propositions, it will be seen, involved the consideration by the jury of the evidence pertinent to each, and having found a general verdict for the plaintiff, we must assume that the facts have been found against the defendant. Nothing was withheld which could be legitimately considered by the jury, and their finding must be conclusive on the facts.
As the case is presented to us, I do not see any necessity for examining the part of thé charge excepted to. Each of the three propositions contained in the charge, was distinct and applied the law to a different state of facts. They were wholly independent of each other, and were capable of separate examination. It is impossible to say upon which the jury found their verdict, or whether they found it at all. If they found it upon the second, then the defendant was not prejudiced by the legal propositions contained in the third ; for no one can doubt that if Townsend communicated the arrangement to the defendant, and he assented to it, he would be liable upon his guaranty.
Assuming, however, that the jury founded their verdict upon the propositions contained in the part of the charge excepted to, either wholly, or in connection with other parts of the charge, let us see whether the exception was well taken.
When this case was before this court upon the former appeal, the facts in the case were materially different. Neither Townsend nor the defendant had been examined as witnesses ; and *218 ■ the referee found, as- a fact, that Townsend had notice of the representation of Carlile to the defendant, that he, Townsend, would loan him fifteen .hundred dollars upon his bond, guaranteed by the defendant. • Upon this state of facts, the very able opinion of the general term was pronounced; and they properly decided, that the defendant, having agreed to become bound for fifteen hundred dollars, to be advanced in cash to Ms principal for business purposes, was relieved from liability if the lender, knowing of such agreement, advanced but the equivalent of a thousand dollars, and adjusted the residue by discharging an old "debt against the principal. •
The court did not decide, nor did they intend to decide, that any misrepresentation made by the principal to procure' the guaranty, wholly unknown to the lender, would vitiate the obligation. Rone of the cases cited by the learned judge sanction any such doctrine. They are cases where the creditor has agreed to advance a certain sum, and then, without applying the guarantee, advanced á less sum; or, as in Evans v. Wagle, 5 Bing, 485, where the defendant guaranteed the plaintiff to the extent of £50 for any gold he might supply Evans, for the purpose of working in his business, and the plaintiff discounted the hills of Evans, and paid him partly in money and partly in gold. In all these cases ■ the consideration for the guaranty, was the agreement to do a certain thing, which afterwards was departed from without the knowledge or consent of the guarantor. But I have been unable to find any case- valiere the agreement between the creditor and principal debtor has been kept, that the surety or guarantor has been absolved from liability, for the reason that the principal debtor has concealed or misrepresented to the guarantor the true nature of the agreement. And upon principle, as well as upon sound morals, lie should not be; for by becoming security he has induced the creditor to part with his money upon an agreement, formed before ■ the guarantee was made, which was the basis of the guaranty, and which he has faithfully kept. But there is authority for this : ■ ,
In Van Duzer v. Howes, 21 N. Y., 531, the defendants wrote their acceptance on the bill, and entrusted it to Webb while it was in blank as to, the amount, relying upon his promise that he would not fill the blank for more than one thousand *219 dollars. He violated his promise by inserting twelve hundred dollars, and causing it to be negotiated for that amount. The plaintiff discounted it without any knowledge oi tne fraud, and paid the whole proceeds to Webb. And the question was which party was to suffer oh account of the misplaced confil dence reposed in Webb. And the eom't say it was the defendants, who, by entrusting their blank acceptance to the disposition of Webb, enabled him to commit the fraud.
At most, in the' case at bar, the fraud consisted in a misrepresentation made by Carlile to the defendant. Townsend was not a party to the fraud. The defendant entrusted his guaranty to Carlile, reposing confidence in his representation, and Townsend parted with his unduly upon the security of the guaranty, without departing from his agreement. Hpon the -authority of the case last cited, the defendant and not Townsend must suffer for the misplaced confidence.
The appellant’s counsel substantially admits this to be the correct view, for his second point is “ that the lender, without the knowledge or consent of the guarantor, but by collusion with the borrower, diverted the guaranty from the purpose for which it was given.” Unfortunately for him, however, the jury did not so find; on the contrary, they found there was no collusion with the borrower.
There was a conflict of evidence as to whether Townsend was acting in good faith, and whether Carlile had -made misrepresentations to, or had practiced a fraud upon the defendant. All these questions were fairly presented to the jury, and the jury having found that Townsend’s connection with the transaction was not 'mala fides, and that if any fraud was practiced by Carlile upon the defendant, Townsend was not, even by implication, a party to it, I can discover no reason why the defendant should not be liable.
In my judgment there was no error in the portion of the charge excepted to by the defendant.
If the views which I have here expressed are correct, then it follows that there was no error in refusing to charge as requested by the defendant. Had Townsend deviated from his agreement with Carlile, made before the guaranty was signed, he would have been bound to have communicated it to the de *220 fendant. • Whether there was any such direction was a question upon the evidence, for the jury, and was properly left to them.
The restriction of the recovery to the amount secured by the mortgage was most favorable to the defendant. But, as Carlile’s liability on the bond was only to the extent of the value received by him, so, the defendant could not be charged for any greater sum.
I think the judgment and order appealed from should be affirmed.